UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES F. BORER,

                    Plaintiff,

        v.

SECRETARY OF THE TREASURY; and
the UNITED STATES OF AMERICA,

                    Defendants.

CASE NO. C12-5575 BHS

ORDER GRANTING
DEFENDANT'S MOTION TO
DISMISS

    This matter comes before the Court on Defendant United States of America's

("Government") motion to dismiss (Dkt. 15).  The Court has considered the pleadings

filed in support of and in opposition to the motion and the remainder of the file and

hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

    On June 29, 2012, Plaintiff James Borer ("Borer") filed a complaint against the

Secretary of the Treasury and the United States of America.  Dkt. 1.  Borer states that his

"claim concerns fraudulent actions perpetrated against petitioner by the Internal Revenue

Service (IRS) resulting in deprivation of 4th Amendment rights forbidding unreasonable

seizure and 5th Amendment rights to due process."  *Id*. at 2.  Borer requests three types of

1  relief: (1) "Mandamus in conformance with 28 USC § 1361 and 28 USC § 1651

2  compelling the Internal Revenue Service to conform to the rules contained within 26

3  USC, the Internal Revenue Code"; (2) "Injunction against the IRS to stop illegal levies

4  against petitioner relating to the years 2006, 2007, and 2008"; and (3) "Such further relief

5  as the Court may deem warranted." *Id.* at 10.

6      On March 8, 2013, the Government filed a motion to dismiss for lack of

7  jurisdiction.  Dkt. 15.  On April 1, 2013, Borer responded.  Dkt. 17.  On April 5, 2013,

8  the Government replied.  Dkt. 18.

9                              **II. DISCUSSION**

10 **A.    Proper Defendant**

11     The Government argues that it is the proper Defendant and that the Secretary of

12 the Treasury should be dismissed.  Dkt. 15 at 5.  "[A] suit against IRS employees in their

13 official capacity is essentially a suit against the United States."  *Gilbert v. DaGrossa*, 756

14 F.2d 1455, 1458 (9th Cir. 1985) (citing *Larson v. Domestic & Foreign Commerce Corp.*,

15 337 U.S. 682, 688 (1949)).

16     In this case, Borer fails to allege that any government employee was acting outside

17 the scope of his employment.  Instead, Borer cites to *United States v. Waldin*, 253 F.2d

18 551, 558 (3rd Cir.), *cert. denied* 356 U.S. 973 (1958), for the proposition that sanctions

19 may be imposed "on revenue agents for departures from the high standards of conduct

20 demanded of those holding office."  Dkt. 17 at 8.  *Waldin* involved the criminal

21 prosecution of a tax collector who was found guilty of accepting bribes for delaying

22 collection activities against certain entities.  253 F.2d at 552.  Borer's allegations do not

compare to the facts of *Waldin* and, more importantly, the allegations concern acts that are clearly within the scope of an IRS employee's job function.  It cannot be disputed that an IRS employee is charged with auditing tax returns, assessing back taxes, and enforcing collection actions.  Therefore, the Court grants Defendant's motion on this issue and the Secretary of the Treasury is dismissed.

**B.    Sovereign Immunity**

The United States may not be sued without its consent.  *United States v. Dalm*, 494 U.S. 596, 608 (1980).  A plaintiff against the government bears the burden of establishing that jurisdiction exists.  *Sopcak v. Northern Mountain Helicopter Service*, 52 F.3d 817, 818 (9th Cir. 1995).  When the United States has not consented to suit, the suit must be dismissed for lack of subject matter jurisdiction.  *Allied/Royal Parking, L.P. v. United States*, 166 F.3d 1000, 1003 (9th Cir. 1999).

In this case, the Government argues that Borer has failed to properly establish jurisdiction to hear his claims.  The Court agrees.  Although Borer provides numerous pages of analysis on this issue (Dkt. 17 at 10–15), Borer has failed to show that the Government has waived its immunity for writs of mandamus directing an IRS employee to follow the IRS's internal code or for an injunction to prevent the collection of tax levies.  Therefore, the Court grants the Government's motion on this issue and concludes that it is without jurisdiction to hear Borer's claims.

**C.    Anti-Injunction Act**

Even if the Court somehow had jurisdiction, Borer's claims are barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a) ("Act").  The Act provides as follows:

> Except as provided in sections . . . 6212(a) and (c), 6213(a) . . . no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

*Id*.  The purpose of the Act is to protect the government's need to collect taxes expeditiously without preenforcement judicial interference and "to require that the legal right to disputed sums be determined in a suit for refund." *Bob Jones University v. Simon*, 416 U.S. 725, 736 (1974).

In this case, it is clear that Borer's claims are barred by the Act.  With regard to the 2006 tax deficiency, the Government has dropped the collection action and any action to stop that collection is moot.  With regard to the 2007 and 2008 deficiencies, Borer is requesting preenforcement judicial interference, which is explicitly barred.  The proper course is to pay the amounts and request a refund.  Therefore, the Court grants the Government's motion on this issue because Borer's claim are barred.

### III. ORDER

Therefore, it is hereby **ORDERED** that the Government's motion to dismiss (Dkt. 15) is **GRANTED**.  The Clerk shall close this case.

Dated this 25th day of April, 2013.

 

 

BENJAMIN H. SETTLE
United States District Judge